Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Alison L. Gregoire
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No.: 2:21-cr-00052-RMP |
| GARRICK DARNELL PUHUYESVA, | Government's Sentencing Memorandum |
| Defendant. | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Alison L. Gregoire Assistant United States Attorney, submits the following sentencing memorandum:

I.

**STATEMENT OF FACTS**

On the evening of March 21, 2021, Defendant's wife, S.A.F., called police and reported Defendant punched her in the mouth. When officers arrived, they contacted Defendant who reported he and S.A.F. had been arguing, and that he had hit S.A.F., but only after she had punched him in the face. S.A.F. indicated she did "back hand" Defendant, but after he had hit her. S.A.F. was found to have blood lining her lips.

Tribal police placed Defendant under arrest, and Defendant tried to push away from one of the arresting officers, J.M., as he was being escorted to the patrol vehicle.

Government's Sentencing Memorandum - 1

Defendant then kicked backward toward Officer J.M., striking her in the groin, causing J.M. to stumble backward. The other arresting officer took Defendant to the ground in an attempt to restrain him, and Defendant continued to fight against the officers, kicking another officer in the chest.

Officer J.M., a federally deputized tribal police officer, eventually sought medical attention. Hospital staff determined Officer J.M. had suffered a contusion on her abdominal wall and recommended J.M. take 2 days off from work.

## II.
## PSIR OBJECTIONS/ SENTENCING CALCULATIONS

The government agrees with United States Probation that Defendant's total offense level is 13, criminal history category is II, and guideline range is 15-21 months. The government has no objections to the Presentence Investigation Report (PSIR) at ECF No. 32.

## III.
## SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

The circumstances of the offense involve intoxication and assault, as do most offenses in Defendant's history. Specifically the circumstances of the offense involve Defendant's assault on a law enforcement officer, leaving the officer in need of medical attention. The officer had responded to Defendant's alleged assault on his spouse. ECF No. 32 at ¶¶ 8-14. Defendant was intoxicated at the time. *Id.*

Defendant's instant offense is concerning, as are his history and characteristics. Defendant has a substantial assaultive history, seemingly often if not always fueled by alcohol. Defendant has an Assault-Domestic Violence, in 2017 where he entered a

diversion, but did not comply with the terms of the diversion agreement and was ultimately sentenced to 5 days in jail. ECF No. 32 at ¶ 44. Another assault from the Colorado River Indian Tribal Court resulted in 30 days jail suspended. ECF No. 32 at ¶ 54. Another Assault-Domestic Violence and other associated charges came from the Colorado River Indian Tribal Court, wherein Defendant was sentenced to 365 days in jail with 180 suspended. ECF No. 32 at ¶ 72. In that case, on July 10, 2012, Defendant was intoxicated and assaulted his wife; his minor daughter was present during the assault. ECF No. 32 at ¶ 73. In 2019 he was convicted of Battery, Domestic Violence by the Colville Tribal Court where he was sentenced to 360 days in jail with 180 days suspended. ECF No. 32 at ¶ 82. Of note, that case also involved Defendant's now wife. ECF No. 32 at ¶ 83. In that case Defendant hit her ear with a closed fist while she was driving. *Id.*

The convictions are significant because once again Defendant finds himself in a situation involving allegations of domestic violence and once again he finds himself being sentenced for an assault, this time of an officer. There is a consistency in Defendant's offenses in that he has been involved in assaultive behavior from 2006 right up to the instant offense. Defendant has demonstrated again and again when he is drinking and becomes angry, he becomes violent and will assault those around him. The government therefore argues the proposed sentence to 17 months imprisonment as well as three years of supervised release is appropriate.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The government asks the Court to consider the victim impact statement reprinted in the PSIR. The victim details she choose a career in law enforcement help people who fall victim to domestic violence, sexual assaults, and crimes against children. ECF No. 32 at ¶ 19. She goes on to detail that because of the instant case, "I now know what my victims feel like when they don't want to go through the medical exams or the court process." *Id.*

The victim's statement serves to underscore that the Defendant's crime was, indeed, serious; it impacted another significantly, and punishment is appropriate and necessary.

The parties ask the Court sentence Defendant to imprisonment for 17 months. The government also joins the defense in recommending three years of supervised release. Pursuant to the plea agreement, these are joint recommendations. The government acknowledges 17 months will be the longest sentence Defendant has ever received. Therefore, the government does not believe a longer term of imprisonment is required. The fact remains, however, Defendant committed a violent offense on a domestic partner, and when law enforcement responded he committed another violent offense on the responding officer, and this is not the first time Defendant has engaged in assaultive behavior. Defendant has a very violent history. ECF No. 32 at ¶¶ 44, 54, 72, 73, 82, 83. The government believes three years of supervised release to follow the term of imprisonment is appropriate in this case.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

The government asserts imprisonment for 17 months is sufficient to deter criminal misconduct, provided it is accompanied by a three-year term of supervised release. Very close in time to the instant offense, in 2019, Defendant was convicted of Battery, Domestic Violence by the Colville Tribal Court where he was sentenced to 360 days in jail with 180 days suspended. ECF No. 32 at ¶ 82. Of note, that case also involved Defendant's now wife. ECF No. 32 at ¶ 83. Defendant committed the instant offense while on probation for that Colville Tribal Court offense. *Id.* Because Defendant entered a plea in this case for assaulting the police officer and agreed to enter a domestic violence perpetrator program, it is the government's understanding the Colville Tribal Court will not pursue additional action on the probation violation, but it certainly should be concerning to the Court that Defendant was undeterred by his previous, very recent sentence.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

Defendant has not only a history of violent assaults, but he has a history including a sex offense as well, and he has several convictions stemming from his alcohol and drug abuse (substance abuse also seems to be the root cause for all his offenses).

In 2013, Defendant was convicted in tribal court of Breaking And Entering And Unlawful Sexual Contact. ECF No. 32 at ¶ 74. Defendant had entered the home of the victim through an unlocked window and sexually assaulted the victim while she was sleeping by placing his mouth to the victim's vulva while Defendant was naked. ECF No. 32 at ¶ 75. The victim and her husband woke up to the assault, and Defendant ran out of the home through the back door. *Id.* Police recovered Defendant's clothing, which he left at the crime scene. *Id.* Alcohol again seems to have played a role, as the victim, her husband, and Defendant had been drinking together earlier in the evening. ECF No. 32 at ¶ 76.

Defendant also has several offenses relating to controlled substance and alcohol use and abuse, specifically Drug Paraphernalia in 2018, Public Intoxication in 2009 and 2010, DUI in March of 2010, DUI in August of 2010, and Public Intoxication in 2010. ECF No. 32 at ¶¶ 49, 58, 63, 68, 70. Defendant also has Disorderly Conduct convictions from 2007, 2009, and 2010. ECF No. 32 at ¶¶ 56, 61, 65.

For all of these reasons, the government believes Defendant does pose a real danger to the public. The government believes a jail term of 17 months is merited, and a three-year term of supervised release is essential.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

Defendant has not identified any needed educational or vocational training. Defendant does detail alcohol related issues. ECF No. 32 at ¶¶ 114-16.

6. <u>The kinds of sentences available.</u>

Defendant is subject to a sentence involving a term of imprisonment.

Government's Sentencing Memorandum - 5

7. <u>The kind of sentence contemplated by the Sentencing Guidelines.</u>

The Sentencing Guidelines contemplates a term of imprisonment. The government is requesting 17 months for the reasons detailed above.

8. <u>Any pertinent policy statements issued by the Sentencing Commission.</u>

There are no pertinent policy statements in this case.

9. <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct.</u>

The proposed sentence is within the Guideline range and will not create a disparity.

### IV.

### GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends the court impose a sentence to 17 months imprisonment as well as a three-year term of supervised release.

Respectfully submitted this 16th day of December 2021.

    Vanessa R. Waldref
    United States Attorney

    *s/ Alison L. Gregoire*
    Alison L. Gregoire
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Molly Marie Winston
Federal Defenders
10 North Post Street, Suite 700
Spokane, WA 99201.

<u>s/Alison L. Gregoire</u>
Alison L. Gregoire
Assistant United States Attorney